In the Matter of the Trusts Created in and by the Will of ALLEN AYRAULT, Deceased.

*Action for an accounting by a trustee — the jurisdiction of the Supreme Court once obtained is exclusive — a Surrogate's Court cannot compel an accounting when the Supreme Court has prior jurisdiction.*

In an action brought in the Supreme Court by a testamentary trustee, praying for the construction of the clause in the will creating the trust and for the direction of the court as to the disposition of the trust fund, the Supreme Court, if it obtains full and complete jurisdiction over all the parties to the action and over the trust fund, has power to make a full determination, disposition and distribution thereof among the various parties entitled to share in such distribution, and it retains jurisdiction until the execution of its judgment.

The jurisdiction of the Supreme Court is exclusive, and an application made in a Surrogate's Court, by the administrator of a person whose estate is entitled to share in the distribution of the trust fund, to compel an accounting there by the trustee, must be denied even though such administrator was not a party to the action in the Supreme Court in his official capacity (no administrator of such estate having been appointed until after judgment was rendered in the action in the Supreme Court and until sixteen years after the death of his intestate), provided that all of the persons whom he represents were parties to the action.

APPEAL by the petitioner, Ernest F. Ayrault, as administrator, etc., of Mary Ayrault, deceased, from a decree of the Surrogate's Court of the county of Livingston, entered in the Livingston County Surrogate's Court on the 11th day of April, 1894, dismissing the petition of the said Ernest F. Ayrault, praying for an order compelling Charles P. Bowditch, as trustee under the will of Allen Ayrault, deceased, to render an account of his proceedings.

*E. F. Ayrault*, appellant, in person.

*J. G. Milburn*, for the respondent, Charles P. Bowditch, as trustee, etc.

DWIGHT, P. J.:

The petitioner prayed for an accounting by the trustee of Allen Ayrault of all such moneys as had come to his hands, belonging to the estate of Mary Ayrault, under the provisions of the will of Allen Ayrault.

Allen Ayrault died in 1861, leaving a large estate and a will by which he disposed of the same under various trusts. Mr. Bowditch,

the respondent, was appointed trustee in 1868, and has acted as such, under occasional direction of this court procured on his application, until this time.

The dispositions of the will resulted in a large residuary estate into which the subjects of several life estates fell from time to time, as those life estates expired, and the final distribution of the residuary estate did not become practicable before the year 1890. Two-thirds of the residuary estate was given by the will to such of the children of the testator's brothers and sisters as should be living at the time of his decease, and to the descendants of such of said children as should be deceased when said residuary estate or any part thereof should be distributed. Mary Ayrault, the petitioner's intestate, was one of the residuary legatees under the former of the two designations, and she was also the legatee of a life interest in a fund which should fall into the residuary estate at her decease. She died unmarried and intestate in August, 1877, and sixteen years later — in September, 1893 — the petitioner took out letters of administration upon her estate.

In February, 1890, the trustee commenced an action in this court to procure a final distribution of the residuary estate. In his complaint in that action there were alleged, among others, the facts above stated, specifying among the funds which had fallen into the residuary estate and been received by the trustee, and for which he was ready to account, that in which Mary Ayrault had held a life estate. It was alleged that she was the daughter of a brother of the testator; that she died, at the date above mentioned, unmarried, intestate, leaving no descendants, and that no administration had been granted upon her estate.

In his complaint the trustee also alleged that partial distributions of the residuary estate had already been made by him and his predecessor in the trust, from time to time, on the theory, as they had been advised, that the several interests in that estate did not vest until actual division was made, and that if a legatee had died before the time of any division, the share he would have taken, if living, did not pass to his personal representatives, but to his descendants, if he left any, and if not, then to the other residuary legatees. He also alleged that grave questions had arisen in regard to the proper construction of that clause of the will (§ 25) which provided for the disposition of the residuary estate, viz., whether such estate

vested absolutely in the residuary legatees at the death of the testator, or, as to each of the funds which fell into it, at the time it so fell in, or at the time of actual division; and in respect to these questions he asked for a construction of section 25 of the will, and for the directions of the court to enable him to distribute the estate remaining in his hands among those entitled to receive it. He prayed for a final accounting by himself as trustee to be taken and finally settled by the court, and that he be finally discharged from duty and responsibility as such trustee.

All the heirs at law and next of kin of Mary Ayrault, including the petitioner in his individual capacity, were made parties defendant to that action, and all appeared therein and litigated the issues raised by the pleadings.

The controversy terminated in the Court of Appeals, where it was held that the gift of the residuary estate vested in the designated legatees at the time of the testator's death, and that distribution of the fund remaining in the hands of the trustee should be made upon that basis, but it was adjudged that all payments theretofore made by the several trustees of the residuary estate, upon their several accountings and settlements to the several legatees and distributees, should be confirmed as final and conclusive. The matter was then sent to a referee to ascertain and report who were the persons entitled to share the residuary estate under the decision of the Court of Appeals, and the share of each; he reported the share of Mary Ayrault as the one-thirty-fourth, and that it was payable to her administrator to be appointed, and judgment was entered on the report directing distribution in accordance therewith. That judgment was entered August 9, 1893; letters of administration were granted to the petitioner herein September 4, 1893; he filed his petition herein November 3, 1893, in which he prayed for an accounting, *de novo*, by the same trustee, of all the moneys that have come into his hands belonging to the estate of Mary Ayrault under the will of Allen Ayrault, deceased. The judgment of the Supreme Court above described is still in force unexecuted, no distribution having yet been made in accordance with its direction.

We think that the foregoing statement justifies the conclusion of law of the learned surrogate to the effect that by the action so brought by the trustee in the Supreme Court, that court obtained

full and complete jurisdiction over all the parties to said action, and over the residuary estate of Allen Ayrault, deceased, of which the said Bowditch is trustee, to make a full and complete determination, disposition and distribution thereof among the various parties entitled to share in such distribution, and still retains jurisdiction thereof; and accordingly that the petition in this proceeding must be dismissed.

The jurisdiction of the Supreme Court, being first obtained, was, necessarily, exclusive. It is impossible that two tribunals should entertain jurisdiction of the administration and settlement of the same estate at the same time, a proposition which seems to require no citation of authorities in its support. But to the application of this proposition the petitioner objects that he was not made a party, in his representative capacity, to the action in the Supreme Court. There seem to us to be two answers to this objection, *first*, that it was unnecessary that he should have been a party, for the complete adjudication of all the rights of those whom he represents, since all those were themselves parties in their own person and litigated all the issues involved in their own behalf; and, *second*, that if it were necessary for him to be a party to that action in order to obtain the rights of those whom he represents, he may still become such by intervening therein. The jurisdiction of that court was not exhausted by the rendition of its judgment, but continues until that judgment is executed. ( *Wayman* v. *Southard*, 10 Wheat. 23 ; *Wegman* v. *Childs*, 41 N. Y. 159.) It is not yet too late for the petitioner, if he can satisfy the Supreme Court that he represents rights and interests in connection with the settlement of the estate in controversy, which have not had their day in court, to obtain an order permitting him to intervene and obtain such a modification of the judgment as those rights and interests may require.

And we think the other answer to the objection is equally conclusive. It is not pretended that any rights of creditors are involved in the controversy as — after the lapse of sixteen years from the death of the intestate — there cannot be. The petitioner, therefore, stands solely as the trustee for the next of kin of Mary Ayrault. (*Ledyard* v. *Bull*, 119 N. Y. 62, 72.) But all the next of kin, including the petitioner himself, in his individual capacity, were parties to the litigation and are bound by the judgment. Shall their mere repre-

sentative be permitted to assail in their behalf an adjudication which is completely binding upon them, and that too collaterally and in another tribunal of inferior jurisdiction?

We think the negative answer to this question is compelled by many obvious considerations, and that the lately constituted trustee of the next of kin of said Mary Ayrault must either be content to abide with them the adjudication of their rights already made, or seek to intervene in the same action in which that adjudication was rendered and there to obtain a modification of the judgment complained of.

The decree of the surrogate should be affirmed, with costs.

LEWIS, HAIGHT and BRADLEY, JJ., concurred.

Decree of the Surrogate's Court of the county of Livingston appealed from affirmed, with costs.